*343 A title in fee in all Isaac’s Chance, is found to be in Ralph Distance, also in his two daughters, Anne and Mary, as tenants in common. Anne conveyed to Edmund Kelly ; and William Kelly, his heir, is found to be tenant in common in fee of an undivided moiety of Isaac’s Chance. Mary married John Gilbert, and after his death, married Valentine Downey, who conveyed thirty acres, which was one-half and one-tenth of his undivided fifty acres, to Hut-chins, who entered. Hutchins then had title to only thirty acres, and therefore he could not demise more; but the declaration alleges a demise of the whole tract, which appears to be false, for Hutchins had only thirty acres, and the declaration ought to shew the truth. The plaintiff should shew that Hutchins had a right to demise all Isaac’s Chance, and if Hutchins appears by verdict to have only a legal right to thirty acres, he could not demise the whole tract. The plaintiff should declare on such lease as would suit his title, and for him to support this ejectment, it ought to appear that he had a right to demise the whole of Isaac’s Chance. The plaintiff must shew in the lessor, such a title as is alleged ; that is, in quality of estate and not quantity. If a plaintiff is tenant in common, he can only recover his purparty pro indiviso, and be put in possession of no more. 12 Mod. 657. Vin. Eject. 353. 1 Mod. 102. pi. 9. Joint-tenants, or tenants in common, may, according to their interests, join or sever in making leases, but the lease should be agreeable to their title. .What judgment can the plaintiff obtain ? Certainly not his term in the whole tract, when his title found is only for an undivided thirty acres; and he has already taken above that quantity, which he conveyed to Conner. A tenant in common cannot pass a certain interest, nor can he demand any part in certain. The claim must be of an undivided part; therefore he could only make a lease of an undivided part. Plow. 424. Co. Lift. 197. 12 Mod. 302. Salk. 391. He has no election. Dyer, 281. 2 Co. 36. Hob. 174. There is one property common to both joint-tenants and tenants in common, viz. that their occupation is undivided, and neither knoweth his *344 part in severalty. 3 Bac. Abr. 188. Therefore the possession of the one is the possession of the other.
Suppose there are two lessors, and you declare that they demised, you must shew in them a title to demise the whole, and if one should not have a legal interest in the whole, he could not in law demise the whole. Gilb. Eject. 84. 2 Keb. 376. Suppose you declare on a lease made by A. and B. and it is proved at the trial that A. was tenant for life, with remainder to B. in fee, it could only be the lease of A. during his life. 6 Rep. 15. Poph. 57. Or suppose the plaintiff declares on a lease made by A. and B, and on trial they are proved to be tenants in common, he must fail, because he ought to shew a title in each, to demise the whole, agreeably to his declaration ; and as they could have a title to a moiety only, so they could not each demise the whole. Suppose again that two tenants in common, join in a lease for years, to bring an ejectment, and declare that they demised, it is bad, for it could only be a several lease of their moieties, and they must declare that whereas one demised one moiety, and the other the other moiety, Old Lazo Eject. 100. 1 Brownl. 13. Cro. yac, 166. Law Evid. 210.
It is objected by the plaintiff, that the deed from Downey to Hutchins, is void for uncertainty; it conveys “ all “ that parcel of land being part of Isaac’s Chance, lying in “ Kent Island, containing thirty acres,” Fid. Bac. Abr. Election, 183,
Answer. If the deed is void, Hutchins is tenant at will, and if the will is determined by his deed to Conner, then he is tenant at sufferance, and if either, he is only tenant of an undivided thirty acres. Whether a lessee at will can maintain an ejectment, see Fin. Eject, 339. pi. 17. Styles, 380. Cro. E/iz. 676. pL 4. - Holt, 73. Garth. 66. Roll. Rep. 3. ph 5, 2 Bulst, 217. 3 Cro. 305. Raym. 137.
As to what will be evidence to prove a man’s death without heirs, see 19 Car, II. c. 6. s. 2, by which it was declared, that any persons for whose lives estates are granted, who absent themselves for seven years together, shall *345 be accounted dead. See Carth. 246. Holt, 195. the only cases upon the statute.
The Jury may find a thing upon presumption, but the Court can only judge on what appears in the record. Vin. Evid. 56. pi. 2. 123. Where there were four'sisters, the question was, whether they were alive. They shall be intended to be alive, if the contrary be not proved; but this was before the statute. Livery and seisin shall be presumed after 25 years possession. 1 Fern. 196. pi. 192. Vin. Evid. 126. In debt on a bond which is very old, and where no demand has been made, or no interest paid for many years, it will be presumed to have been paid. Trials per pais, 311. In dower, the issue was whether the husband was dead or living'; two witnesses produced by the defendant, proved the same argumentatively only, and not directly, but there being no proof of the life of the husband, the defendant’s proof was disallowed. Vin. Evid. 94. 230. Where in dower the husband’s brothers and others, swore that the husband being a minister, left the kingdom propter religionem, and was about seven years in Germany, and that no merchants of Germany, nor English-persons who have travelled there, could hear any tidings of him; wherefore in their consciences they believe, that he is rather dead than alive, and no witness being produced of his living, the plaintiff recovered. Dy. 185. pi. 65. Mod. 14. pi. 35.
A judgment of twenty years standing, was presumed satisfied. 1 Stra. 639. 652. So of a bond'thirty years old. Id. A deposition of a witness received fifty years before, cannot be read without some account of his death. The Chief Baron said, that if proper searches or inquiry had been made, and no account could be given of him, he would have admitted it, at such a distance of time. 2 Stra. 920.
The Provincial Court gave judgment for the plaintiff. The defendant appealed to the Court of Appeals, where the judgment was affirmed by default, at May Term,