WILLIAM STULTZ *vs.* JOHN H. LOCKE and A. W. S. LOCKE.

### LANDLORD AND TENANT.

*Covenants to repair—Construction of covenants to repair generally—Covenants to keep old houses in repair—Pleading—Variance—Not necessary to set out contracts in totidem verbis—Sufficient if correctly stated according to legal force and effect—Evidence—Custom as affecting written agreements.*

The appellees were tenants of the appellant of a certain mill with premises and a tract of land belonging thereto.

The appellant agreed with the appellees in writing "to keep said mill and machinery, water-power and fencing on said premises in *as good repair as they now are*, elemental casualties included, in a reasonable time."

The appellees instituted suit against the appellant for alleged breach of the said agreement, and in the *narr.* the words "*as they now are*" were omitted.

The plaintiffs offered in evidence the aforesaid agreement, but the defendant objected, on the ground that there was a fatal variance between the said agreement and the contract set out in the *narr.*, caused by the omission from the latter of the words "*as they now are.*" It was HELD:

1st. That the covenant in a lease "to repair" generally or "to keep the premises in repair," imposes upon the covenantor the legal obligation *to keep the premises in as good repair as when the agreement was made.*

2nd. Where an old house is rented, with the usual covenant to keep the same in repair, the covenantor will not be bound to put it in an improved state, nor to avert the consequences of the elements, but only to keep it in the state in which it was at the time of the demise, by the timely expenditure of money and care.

3rd. The covenant stated in the *narr.* is, in its legal effect, the same as that contained in the agreement.

4th. A covenant "to keep in repair," and a covenant "to keep in as good repair as they now are," are identically the same covenant.

5th. In pleading it is not necessary to set out the contract *in totidem verbis;* it is sufficient if it be correctly stated according to its legal force and effect.

6th. The omitted words being immaterial, in no respect affecting the construction or legal effect of the contract, it was not necessary to set them out in the declaration.

Evidence was offered by the defendant tending to show that the repairs to the dam, race, &c., were such as were usually made by the millers themselves, and which by the custom of the realm the appellant would not be called upon or expected to make. To the admissibility of this evidence plaintiff objected, and the Court below sustained the objection *"so far as the offered evidence tended to show it was the duty of the plaintiffs, by custom or otherwise, to make said repairs."* HELD:

1st. That though there was a stipulation in the agreement by which the plaintiffs covenanted that they would make all small repairs that they could easily do themselves, without charge, yet this covenant imposed no duty upon them beyond what the law would impose upon them in their character of tenants, and which required of them the ordinary care and attention which is usually required of millers in operating mills.

2nd. But if the covenant on the part of the plaintiffs should be construed as embracing more than what otherwise would be the implied duty of tenants, still it cannot be so construed as to put on them the duty of making such repairs as were required in this case, thereby relieving the appellant of the obligations assumed by the express terms of his contract.

APPEAL from the Circuit Court for Carroll County.

The case is stated in the opinion of the Court.

The cause was argued before BARTOL, C. J., STEWART, BRENT, BOWIE, ALVEY and ROBINSON, J.

*Wm. P. Maulsby,* for appellant.

*Wm. M. Merrick,* for appellee.

BARTOL, C. J., delivered the opinion of the Court.

The appellees, plaintiffs below, were tenants of the appellant of a certain mill with premises and a tract of

land belonging thereto, and instituted this suit to recover damages for the alleged breach by the appellant of his covenant to keep in repair the mills and machinery, water-power, and fencing on the premises.

The contract between the parties is contained in articles of agreement, which were offered in evidence by the plaintiffs, but the defendant objected that they were inadmissible because of an alleged variance between them and the contract, set out in the *narr.* The objection was overruled and the evidence admitted, and the ruling of the Circuit Court forms the subject of the first bill of exceptions.

The contract set out in the *narr.*, is "that the said William Stultz, further *agreed to keep the said mills and machinery, water-power, and fencing on the said premises, in good repair,* elemental casualties included, in a reasonable time."

The articles of agreement state the contract as follows, "And the said Stultz further agrees to keep the said mills and machinery, water-power and fencing on the said premises *in as good repair as they now are,* elemental casualties included, in a reasonable time."

In the declaration the words "*as they now are,*" are omitted, and this omission the appellant contends, is a material and fatal variance.

It was decided in *Middlekauff vs. Smith,* 1 *Md.,* 329, 340, that the covenant in a lease "*to repair*" generally or "*to keep the premises in repair,*" imposes upon the covenantor the legal obligation *to keep the premises in as good repair as when the agreement was made.*

The Court say, "where an old house is rented with the usual covenants to keep the same in repair, the covenantor will not be bound to put it in an improved state, nor to avert the consequences of the elements, but only to keep it in a state in which it was at the time of the demise, by timely expenditure of money and care." *Guttridge vs. Maynard,* 7 *C. & P.,* 129; *Archbold's Law of Landlord and Tenant,* 176."

It follows that the covenant as stated in the *narr.*, is in its legal effect the same as that contained in the articles of agreement.   Or in other words, that a covenant to keep in repair, and a covenant to keep in as good repair *as they now are*, are identically the same covenant.

In pleading it is not necessary to set out the contract *in totidem verbis*, it is sufficient if it be correctly stated according to its legal force and effect.

The omitted words being immaterial, in no respect affecting the construction or legal effect of the contract, it was not necessary to set them out in the declaration.

We therefore affirm the ruling of the Circuit Court in this exception.

The *second bill of exceptions* was taken to the rejection of certain evidence offered by the defendant.   In order to dispose of this exception, it is necessary to state the substance of the testimony which had been given in the case.

The plaintiffs proved that from the last of September 1874 to the 1st, or 2nd, of April 1875 (during their occupancy under the lease) the supply of water to the mill was defective, because of want of repair on the mill-dam and head-race connected with the mill, and supplying the water necessary to operate the same, and that they sustained damages on account thereof, by means of not being able to operate the same to the same advantage as if there had been a full supply of water; that on or about the 1st or 2nd, of February 1875 the dam was destroyed by an extraordinary flood, and was not repaired or replaced by the defendant, after receiving notice thereof, before the 1st of April 1875, and the plaintiffs were not able to operate said mill during said period, in consequence thereof, and sustained damage.   Evidence was offered tending to prove that the mill had been carried on for fifty years, and that the water-power thereof was supplied by means of a race about four hundred yards in length, which intersected the stream "Pipe Creek," from which the water-power to the

mill was supplied, and that during said time the water to operate the mill was supplied by means of the race entering the same from the stream directly ; that in 1868, the dam in question was erected at a point in the stream about one hundred and fifty yards above the mill, and about two hundred and fifty yards below the mouth of the race ; that the race ran along with and near the stream from the mouth thereof to the mill.   Evidence was then offered tending to prove that a break in the bank of the race, between the race and the water in the dam, about eight or ten feet in length, and about two and a half feet in depth, was produced and washed out by the same flood that destroyed the dam on or about the 1st or 2nd of February 1875 ; and also, evidence tending to show that there were other holes or openings in the mill-race bank, above the break above mentioned, and that the defendant did not repair said break, after receiving notice of the damage done by the flood, nor did he repair the holes or openings in the race between the time when the dam was destroyed and the 1st of April 1875.

The defendant then offered to prove by a competent witness, that the break, as well as the holes and openings in the race, could have been personally fixed by the plaintiffs, and that the plaintiffs could have themselves easily repaired the same; and further, that if the same had been repaired or fixed by the plaintiffs, a sufficient supply of water to operate the mill would have been furnished by the race, that is, that a sufficient supply of water entered the race from the stream, at the mouth or head of the race during the period between the first of February and the first of April 1875, if the break and the holes and openings in the mill-race bank had been repaired ; and further, that the break, holes and openings before mentioned were of such a character as were customarily and usually repaired by millers, and that it was by custom the duty of the miller to repair the same.

Objection being made to the testimony so offered by the defendants as inadmissible, the Circuit Court sustained the objection "*so far as the offered evidence tended to show it was the duty of the plaintiffs under the contract* sued on, or by custom, or under the contract in this cause, or otherwise, of the millers to repair the break above mentioned; being of opinion that under the contract sued on it was the duty of the defendant to repair the same, and refused to permit evidence on this point to be given to the jury."

This ruling forms the subject of the second bill of exceptions.

By the contract the defendant bound himself to keep in repair "*the water-power, elemental casualties included.*" Under this contract it was his duty to repair the breach in the mill-race bank, in a reasonable time after receiving notice of the damage. There is a stipulation in the articles of agreement by which the plaintiffs covenanted, "*that all small repairs that they can personally fix up* or easily do themselves, they will do and repair themselves without any charge to the said Stultz."

Now as we construe this covenant, it imposed no duty or obligation on the plaintiffs beyond what the law would impose on them in their character as tenants, and which required of them "the ordinary care and attention which is usually required of millers in operating mills, and which indeed constitutes a part of their trade; such for instance, as cleaning and dressing the stones, adjusting and regulating the general machinery of the mill, cleaning the race of such deposits or accretions as would follow the ordinary use of the mill, and such other similar acts which demand the miller's skill, yet which require neither the expenditure of money, nor the consumption of much time or labor." *Middlekauff vs. Smith,* 1 *Md.,* 339, 340. But if the covenant on the part of the plaintiffs should be construed as embracing more than what otherwise would be their implied duty as tenants, still we are of opinion

that it cannot be so construed as to put on them the duty of repairing the breach in the bank of the mill-race spoken of in the evidence, or of relieving the defendant from the obligation to make the repairs which he assumed by the express terms of his contract. Such being the plain meaning and interpretation of the articles of agreement, it was not competent for the defendant to vary their meaning, or to escape from the obligation thereby assumed by introducing evidence of the custom of millers, or by the other parol evidence offered by him and set out in this bill of exceptions.

In support of this proposition no authority need be cited.

*Judgment affirmed.*

(Decided March 1st, 1878.)