## George Mallonee *vs.* John A. Duff.

*Master and Servant—Discharge of Servant—Evidence.*

In an action for breach of contract to do certain work, the defendant gave evidence by himself and his foreman tending to prove that after the commencement of the work, the plaintiff agreed that if he got drunk and neglected his work for a day, he would give up the contract, and defendant might discharge him; that he did get drunk and neglected his work, and was consequently discharged. The plaintiff offered evidence tending to prove that he had not been drunk, and had not neglected his work, and that he had never agreed to abandon the contract if he became intoxicated. The defendant, to corroborate his own testimony and that of his foreman, offered to prove that they had made the same statements to another person during the progress of the work, and before the plaintiff's discharge. Held:

That evidence of the declarations of the foreman was admissible to support his credibility; but that evidence of the declarations of the defendant was made inadmissible by the Act of 1874, ch. 385.

Where a portion of the testimony offered is competent, and a portion incompetent, it is error to reject the whole.

Where a party enters into a contract to do certain work, and agrees that the other party may discharge him in case of drunkenness and neglect of work, and he is discharged as being guilty of these offences, he does not thereby forfeit what he had earned according to the contract price, up to the time of his discharge.

Appeal from the Baltimore City Court.

The case is stated in the opinion of the Court.

*First Exception.*—Stated in the opinion.

*Second Exceptiou.*—Unnecessary to be set out.

*Third Exception.*—The plaintiff offered the following prayer :

That if the jury find from the evidence in this case that the defendant, George Mallonee, was erecting upon Maryland avenue and Fifth street, the seventeen houses mentioned in evidence, and that he entered into a verbal contract with the plaintiff, John A. Duff, as testified to by the witnesses for the said plaintiff, to cut, trim, prepare and set the stone work in and about said houses, and agreed to pay the said plaintiff the sum of $3225.00 for said work; and if they shall believe from the evidence that in accordance with said agreement the plaintiff engaged his men and proceeded with said work and was ready and willing to perform the same, and whilst in the performance thereof, the defendant stopped him and refused to allow him to proceed therewith, then the plaintiff is entitled to recover in this action such a sum as the jury shall believe from the evidence would be the difference between the contract price and the proper cost of completing said work, less such sum as the jury shall find from the evidence had been paid to the plaintiff on account thereof, unless the jury shall believe that the proper cost of completing the work, according to the agreement, when added to the money paid to the plaintiff, on account of his work, shall exceed the sum of $3225, in which event their verdict shall be for the defendant; *or unless the jury shall believe that the parties agreed that the plaintiff should be discharged from the further execution of the agreement, in the event of his becoming intoxicated during the progress of the work; in which event the plaintiff should be allowed such profit on the work, if any, as had been made up to the time of his discharge.*

*Fourth Exception.*—The defendant asked the following instruction :

That if the jury believe from the evidence that the plaintiff and defendant entered into a contract, under which the plaintiff was to do all stone work connected with certain buildings, for which the defendant was to

Mallonee *vs.* Duff.

pay $3225, sufficient each Saturday to cover all expenses and wages, including the plaintiff's own wages, and the balance on completion of the work; and if they shall further believe that it was a condition introduced into said contract, that if the plaintiff should become intoxicated and neglect his work for any day, or a part of a day, said contract should be terminated; and if they further believe that subsequently to said condition the plaintiff did become intoxicated and did neglect his work for a day, or part of a day, and the defendant did declare the contract terminated; and if they further believe that the defendant did pay to said plaintiff all expenses and wages, including the plaintiff's own wages, up to the day the plaintiff did become intoxicated and said contract was terminated as aforesaid, then they must find for the defendant.

The Court (STEWART, J.,) having amended the plaintiff's prayer by adding the clause in italics, granted it as so modified; and rejected the prayer of the defendant. The defendant excepted, and the verdict and judgment being for the plaintiff, this appeal was taken.

The cause was argued before ALVEY, C. J., ROBINSON, IRVING, BRYAN, FOWLER, and McSHERRY, J.

*David Stewart*, for the appellant.

*Thomas Mackenzie*, for the appellee.

BRYAN, J., delivered the opinion of the Court.

The evidence for the plaintiff (now appellee) tended to prove that under a verbal contract with the defendant, he was to cut, trim and set all the stonework on seventeen houses for the sum of $3225, which the defendant promised to pay in weekly instalments as the work progressed, and that the defendant wrongfully

stopped him in his work and refused to allow him to proceed with the performance of his contract, although he was ready and willing and able to perform it ; that at the time the defendant stopped the work, the plaintiff had completed about two-thirds of it and had been paid $1211.50. The evidence for the defendant tended to prove that he agreed to pay the plaintiff every Saturday, as the work progressed, enough money to pay the wages of the plaintiff and his men, and all the expense of tool-sharpening ; and the balance of the sum of $3225 when the work was completed ; and further, that after the commencement of the work the plaintiff agreed that if he got drunk and neglected his work for a day, or part of a day, he would give up the contract and defendant might discharge him ; that plaintiff having gotten drunk and neglected his work, the defendant discharged him ; that at the time of the discharge he had been paid more than the expenses and wages stipulated to be paid weekly. Most of this testimony seems to have been given by the defendant, and by Smith, his foreman. The plaintiff offered evidence tending to prove that he had not been drunk and had not neglected his work, and that he had never agreed with the defendant that he would abandon the contract if he became intoxicated. Defendant then offered to corroborate his own testimony and that of Smith by proving by Hanes that he, the defendant, and Smith had made the same statements to him, Hanes, during the progress of the work, and before the plaintiff's discharge, as they had made at the trial in reference to the plaintiff's drunkenness and neglect of the work ; and that the defendant told Hanes the day before the plaintiff was discharged, that the plaintiff had agreed that the contract should be at an end if he got drunk again. The Court refused to admit in evidence either the statement made by the defendant, or the statement made by Smith, and the defendant

excepted. The evidence offered in behalf of the defendant was assailed in two particulars; it was controverted that an agreement had been made by the plaintiff to terminate the contract if he got drunk and neglected the work; and secondly it was denied that he had gotten drunk and neglected the work. Under these circumstances we are obliged by the authorities to hold that Smith's declarations were admissible to support his credibility. *McAleer vs. Horsey*, 35 *Md.*, 441; *Maitland vs. The Citizens National Bank of Baltimore*, 40 *Md.*, 540. *Bloomer vs. State*, 48 *Md.*, 521. But the Act of 1874, chapter 385, prohibits the admission of the defendant's declarations. A portion of the testimony tendered was competent and a portion incompetent. It was error to reject the whole. *Carroll's Lessee vs. The Granite Manufacturing Co.*, 11 *Md.*, 400; *Pettigrew vs. Barnum, et al.*, 11 *Md.*, 434.

In considering the prayers offered at the trial, we cannot look to the pleadings in the case, inasmuch as the prayers make no reference to them. *Leopard vs. Chesapeake and Ohio Canal Co.*, 1 *Gill*, 222, and many other cases, some of which are cited in *Baltimore Building Association, No. 2 vs. Grant*, 41 *Md.*, 569. If the plaintiff agreed that the defendant might discharge him in case of drunkenness and neglect of his work, and he was discharged because guilty of these offences, he did not thereby forfeit what he had earned up to the time of discharge. He was still entitled to be paid for his work, and the jury ought to have been instructed that upon this hypothesis he was entitled to recover the value of his work according to the contract price. In the absence of good cause for discharge, he was entitled to recover the difference between the contract price for the whole work and the cost of performing it. In either event, the plaintiff would, of course, be charged with the money already paid him by the defendant on account of

his work; this sum to be deducted from the value of the work in the one instance; and from the amount of the profits in the second instance.   The plaintiff's prayer as originally offered could not have been granted because it entirely disregarded the evidence on the subject of the discharge for drunkenness and neglect of duty.   The Court's modification, however, did not put the case to the jury as favorably for the plaintiff as he had a right to require.   The defendant's prayer was properly rejected, because it sought to forfeit the plaintiff's right to be paid for the work done, and not paid for, previously to his discharge.   We speak of the case merely as it appears from the evidence.   If a question should hereafter arise on the pleadings, they must be in proper form to present the questions which we have been considering.

   For error in the first exception the judgment must be reversed.

*Judgment reversed, and*<br>*new trial awarded.*