# APPENDIX.

## *COVINGTON D. BARNITZ, Administrator, etc., vs.* PATRICK REDDINGTON.

*Apportionment of Ground Rent—Presumption of Apportionment— Curative Act—Administration on Leasehold Estate.*

In 1793, the owner of a tract of land, including the lot in question, leased the whole tract for 99 years, renewable forever, to Q., subject to the yearly rent of two pounds and fourteen shillings. In the same year Q. subleased the lot in question to P., whose title by *mesne* conveyances became vested in appellants. In the sublease from Q. to P. the rent reserved was one pound four shillings *per annum*, and none of the subsequent conveyances mentioned any other rent as issuing out of the lot. There was evidence to show that for more than fifty years no other rent had been demanded from the owners of this lot. *Held*, that it was reasonable to conclude that the lot was not liable for any other rent, and that there had been an apportionment of the rent resting upon the original tract of which the lot in question was about one fifth.

In 1856, M. then being the owner of the above-mentioned leasehold lot, conveyed the same to B. by a deed in fee, which was not recorded for more than six months after its date. In 1875 the children of B., then deceased, procured a deed of the lot to themselves from M., in which it was described as leasehold. *Held*, that the deed to B. became operative by virtue of the Curative Act of 1860 (Code, Art. 2, sec. 19); that the deed from M. to B.'s children could not convey anything, since M. had divested himself of all title by the former deed ; that since, at the time of the conveyance to B. by M., the latter had only a leasehold interest, B. acquired that only ; and that in order to vest title in B.'s children, administration on B.'s estate was necessary.

Appeal from an order of the Orphans' Court of Baltimore. The case is stated in the opinion of the Court.

---

*This case, decided at the April Term, 1892, and then designated "not to be reported," is now published by order of the Court.

The cause was argued before ROBINSON, MILLER, BRYAN, McSHERRY, FOWLER, IRVING and BRISCOE, JJ.

*C. D. Barnitz*, for the appellant.  *Richard Bernard*, for the appellee.

IRVING, J., delivered the opinion of the Court.

The appellant, as administrator of Noah Butler and George Butler, by virtue of an order of the Orphans' Court of Baltimore city, offered for sale the interests of his two intestates in certain property described as leasehold property, subject to the payment of one cent ground rent if demanded.   The interest of each of his decedents was described as one-third interest each, as tenants in common in a certain lot of ground on Harford avenue and Hoffman street, Baltimore, which is described by course and distance.   The sale was reported to the Court as having been made to one Patrick Reddington for $633.33⅓ for each interest.   The purchaser excepted in writing to the ratification of the sale, assigning several reasons for his objections ; but upon only one has he relied in this Court, the others being abandoned.   The reason pressed is, that the " property was sold subject to the yearly rent of one cent, whereas said property is subject to other and greater current rents."   This exception was sustained by the Orphans' Court, and the sale was set aside. From that decision this appeal was taken.

Much of the record evidence which was before the Orphans' Court, and upon which their decision was based, is not to be found in the record sent to us ; and but for the admission and concessions of fact found in the briefs of counsel, we would be wholly unable to review the action of the Court, and would be compelled simply to affirm, for want of sufficient information to satisfy us that there was error. From what is to be found in the record supplemented by the admissions of counsel, we think it reasonably clear that the sale ought to have been disapproved and set aside, as was done by the Orphans' Court.   It is admitted that Ed-

ward Hanson, being the owner of the fee, leased the prop-
erty, of which the lot sold by the appellant is a part, to one
Simon Quinn, in 1793, for 99 years, renewable forever, re-
serving a yearly rent of two pounds and fourteen shillings.
In the same year Quinn sublet to William Price the lot now
in question.   On both sides it is conceded, that by *mesne*
conveyances, the title of Wm. Price finally became vested in
the appellant's intestates, and their sister, Elenora Aikens,
whose interest the appellant, as her attorney, sold at the
same time that he sold the interests of his intestates, in order
that the purchaser might acquire the title to the whole prop-
erty, which it was claimed was held as undivided property,
in equal shares, by Noah and George Butler and Elenora
Aikens.

When the conveyance was made by Quinn to Price there
was a reservation of one pound and four shillings annual rent,
and no more.   It is admitted that none of the conveyances
of this lot mentioned any rent resting upon it, or issuing
out of it, except the one pound four shillings which was
reserved in the conveyance from Quinn to Price in 1793.
As there is not only no evidence of any other rent except
this one pound four shillings reserved in Quinn's deed to
Price, but there is some proof that for more than 50 years
no other rent has been exacted, it is reasonable to conclude,
as the Chancellor did in *Speed* v. *Smith*, 4th Md. Ch. 231
(Brantly's edition), that this lot was not liable for any other
rent ; and that there had been an apportionment of the rent
resting upon the original lot, and that this lot, which was
only about one-fifth of the original lot, was allotted to pay
a large share of the original rent ; that which was put upon
it being nearly one-half of the whole original rent.

To this extent, therefore, we disagree with the Orphans'
Court ; although that will make no difference in the result.
We do not think, under the facts, that this lot was subject
to any greater rent than that it was sold subject to.   For
another reason we think the Orphans' Court was right in
their determination of the case.

Both sides admit that in 1804 Lynch conveyed this lot to McAlister. As Lynch had only a leasehold interest to sell, we may suppose and presume he did not attempt to convey a larger estate than he actually owned. That conveyance is not in the record, but the admission of parties through their counsel, upon which thus far we have proceeded, does not give Lynch, or claim for him, a larger estate than a leasehold. That estate he conveyed to McAlister; and in 1856 McAlister conveyed it to Ann Butler, mother of the appellant's intestates, and Mrs. Aikins. This deed of McAlister to Ann Butler is in the record, and on its face it is a conveyance in fee. That deed was not recorded within six months, which the Act of 1856, chap. 154, required to be done to give it validity. It was nearly seven months before it was recorded, and under the provisions of the Act of 1856 that deed could not operate, even between the parties, as a *title paper*. But by the Act of 1860, chap, 133, which became section 19 of Article 21 of the Code of 1860, and is now section 19 of Article 21 of the Code of 1888, the non-record of the deed within the six months was cured, subject to the rights of certain creditors and purchasers without notice, which qualification, for obvious reasons, does not affect this case; *Brydon* v. *Campbell*, 40 Md., 331. Had appellant's intestates and Mrs. Aikens stood on that deed of McAlister to their mother and continued to claim a fee under it, having color of title to back them up, they might, after the lapse of twenty years, have acquired an unimpeachable title by adverse possession; but they did not do so. Distrusting their title, and perhaps supposing it void (though we are not informed why), they repudiated that title before it had ripened into a title by adverse possession, and procured a deed to them and Mrs. Aikens from McAlister, their mother's grantor, in 1875, for the same property, in which it was described as leasehold property. Inasmuch as McAlister had conveyed to Ann Butler *all* the title he had, of whatever sort that was, she took discharged of the rent of one pound four shillings.

Having by his deed to Ann Butler divested himself of *all his* interest in the property, McAlister's deed to appellant's intestates and Elenora Aikens was inoperative to give anything to them. His deed to Ann Butler, which, when first recorded, did not operate as a title paper, because it was not recorded within six months, became operative by virtue of the Curing Act of 1860, ch. 133.

The appellant's intestates, and Elenora Aikens, therefore, were entitled to claim such title only as their mother did really get from McAlister by her deed of 1856.

We know of no other title which McAlister had except that which he acquired from Lynch, which was only a leasehold estate; therefore Ann Butler, by her deed from McAlister, took no other or greater estate than the grantor had, and that being leasehold, her children could only claim by distribution of her estate made by an executor or administrator. As no administration on her estate has taken place, it would seem that appellant's administration sale of that property was premature. The sale was properly set aside and the purchaser properly released.

The order appealed from will therefore be affirmed.

*Order affirmed.*