# GEORGE G. SMITH *vs.* CATHERINE HELDMAN ET AL

*Landlord and Tenant—Apportionment of Ground Rent—Charging Rent Upon Part of the Demised Premises Without Consent of Owner— Estoppel—Distraint for Rent—Replevin and Avowry—Pleading and Evidence—Statute of Limitations.*

When a tract of land has been leased for ninety-nine years, subject to the payment of a ground rent, it is not competent for the lessee or his assigns to charge the entire rent upon one part of the demised premises so as to release the other part from liability for the rent, without the assent of the owner of the reversion.

When the assignee of a lot of ground, the whole of which is subject t the payment of a certain rent, assigns a part thereof, and charges the payment of rent upon that part, the conduct of the owner of the original rent in collecting the same for a number of years from the owner of the part of the lot so made subject to its payment, does not operate to release the other part of the lot from liability for the rent.

The owner of a ground rent which was charged upon a tract of land by lease for ninety-nine years, levied a distraint to enforce payment upon chattels located upon one of the parcels into which the tract had been sub-divided. The chattels seized were replevied, and the landlord—the defendant in the replevin—instead of making a general avowry under the statute of 11 George II, that the tenant of the land on which the distraint was made held under a lease during the time when the rent distrained for accrued, pleaded in his avowry that the lease was made to the plaintiff for one year from January 1, 1899, and so on. Plaintiff pleaded that the avowant did not demise the premises to the plaintiff and that plaintiff did not hold as a tenant under a demise from the avowant. At the trial the avowant offered in evidence the original lease creating the ground rent and its assignment to him. *Held,*

1st. That under this state of the pleadings, the original lease was not admissible in evidence if objection had been made thereto, but since no objection was made, full effect must now be given to it.

2nd. That a prayer denying the legal sufficiency of the evidence to entitle the avowant to recover was properly rejected, since it makes no reference to the pleadings, but is a demurrer to the evidence, and the evidence did show a lease under which it was competent for the avowant to make the distraint under which the chattels were taken.

In replevin for chattels taken under a distraint for rent, where defendant avowed, etc., one of the plaintiff's pleas alleged that the "avowant's cause of action did not accrue within three years before the bringing of

this suit." *Held*, that the plea is defective, because the validity of the distraint, so far as the Statute of Limitations is concerned, depended upon whether the rent distrained for became due within three years before the levy of the distress, and not upon the time of the institution of the replevin suit.

Appeal from the Baltimore City Court (Stockbridge, J.)

*Plaintiff's 3rd Prayer.*—That if the Court shall find as matter of fact from the evidence that on the 28th of May, 1851, one Charles Shipley executed the lease to Rosenswig offered in evidence and that said lease reserved an annual rent of $230.83 payable out of the whole lot therein described ; and if the Court shall further find as matter of fact that on the 21st of July, 1868, John P. P. Jones was the owner of the leasehold created by the lease above recited, and on the said 21st of July, 1868, executed to Candace B. Hudnall, a sub-lease of a portion thereof shown on the plat offered in evidence as Lot B, subject to the annual rent of $230.83, and that said sub-lease reserved said rent $230.83 payable to said Jones or to the original lessor ; and if the Court shall further find as matter of fact that from the year 1868 until the year 1899, said rent of $230.83 was in fact paid by the owner of the sub-leasehold in Lot B aforesaid to the owner of said original rent, that then the said ground rent has been apportioned to Lot B, and the verdict should be for the plaintiff. *(Refused.)*

*Plaintiff's 4th Prayer.*—That as matter of law if the Court shall find as matter of fact from the evidence in this case the execution of the lease from Shipley to Rosenswig offered in evidence and that on the 21st July, 1868, John P. P. Jones was the owner of the leasehold created by the lease above recited, and on the said 21st July, 1868, executed to Candace B. Hudnall a sub-lease of a portion thereof shown on the plat offered in evidence as Lot B subject to the annual rent of $230.83 and that said sub-lease reserved said rent of $230.83 payable to said Jones or to the original lessor; and if the Court shall further find as matter of fact that from the year 1868 until the

year 1899, said rent of $230.83 was in fact paid by the owner
of the sub-leasehold in Lot B aforesaid to the owner of said
original rent, and shall further find that said John P. P.
Jones executed the deed dated 20th May, 1882, conveying to
Sarah R. Helsby lot marked A on the plat, a certified copy of
which deed is offered in evidence; and shall further find that
said Sarah R. Helsby together with her husband executed a
lease of said Lot A to one Timothy A. Carroll, on the 29th
May, 1882, subject to an annual rent of one cent and no other
rent; and that no gound rent was ever demanded from said
Lot A until the year 1899, that then avowant's interest in
said Lot A had expired before April 10th, 1900 (if the Court
shall find that the distraint offered in evidence was levied on
that date); and the verdict must be for the plaintiff. (*Refused.*)

*Plaintiff's 5th Prayer.*—That as matter of law, if the Court
shall find as matter of fact the execution of the lease from
Shipley to Rosenswig; and shall further find the execution of
the sub-lease from Jones to Hudnall; and shall further find
the execution of the deed of lot described as A by Jones to
Helsby, and the execution of the lease thereof from Helsby to
Carroll in the manner offered in evidence ; and if the Court
shall further find as matter of fact that the ground rent of
$230.83 was paid to the owner of the original rent by the
owner of Lot B shown on the plat, and accepted by said owner
of the original rent and without demand therefor from any
other person than the owner of said Lot B for more than twenty
years from 1868, that then the interest of said avowant in
Lot A expired more than three years before the distraint lev-
ied April 10th, 1900, if the Court shall find such date of levy
and the verdict must be for the plaintiff. (*Refused.*)

*Plaintiff's 6th Prayer.*—That as matter of law, if the Court
shall find as matter of fact the execution of the sub-lease from
Shipley to Rosenswig; and shall further find the execution of
the sub-lease from Jones to Hudnall; and shall further find
execution of the assignment of lot described as A from Jones
to Helsby, and the execution of the lease thereof from Helsby
to Carroll, in the manner offered in evidence; and shall further

find the payment of the whole ground rent for a period of more than twenty years by the owners of Lot B then the verdict should be for the plaintiff.    (*Refused.*)

The cause was argued before McSherry, C. J., Briscoe, Boyd, Pearce, Schmucker and Jones, JJ.

*Thos. Foley Hisky* (with whom was *John Hinkley* on the brief), for the appellant.

*Louis P. Henighausen* and *Charles F. Stein*, for the appellee.

Schmucker, J., delivered the opinion of the Court.

On May 28th, 1851, Charles Shipley and wife leased a lot of ground at the northeast corner of Baltimore and Calhoun streets in Baltimore City, to Elias Rosenswig, for the term of ninety-nine years, renewal forever, at an annual rent of $230.83. The lease was under seal and contained the provisions usually found in long leases in Baltimore City, including one authorizing the lessor and his assigns to distrain for rent in arrear.

The following plat shows the location and dimensions of the demised lot and also the several portions of it mentioned in this opinion.

Opinion of the Court.

On December 16th, 1853, Rosenswig assigned the leasehold estate in the entire lot to John P. P. Jones, who, in July, 1868, sub-leased the part of it marked B on the plat to Candace B. Hudnall for the residue, save one year, of the original term, at an annual rent of $230.83 which the sub-lease provided might be paid either to Jones and his assigns or to the owner of the original rent on the entire lot.

In May, 1882, Jones conveyed by a deed, in fee-simple form, his interest in part A of the lot to Sarah R. Helsby, who sub-leased it a few days thereafter to Timothy A. Carroll for the residue, save one year, of the original term, at an annual rent of one cent if demanded. Jones subsequently sub-leased to other persons the remaining portions of the lot which are designated, D 2, D 1, and C, on the plat.   He died in 1897 without having parted with his intermediate leasehold interest in the lot, leaving a will by which he gave his entire estate to his wife, Mary A. Jones, and Isaac H. Dixon in trust for his wife, Mary A., for life with remainder to other persons.   The widow qualified as executrix of the will, but did not include this leasehold in the inventory or make any disposition of it as she was not aware of its existence.

There is no evidence that the owners of the reversion of the entire lot under the original lease and of the original rent of $230.83 reserved by that lease were parties to or had knowledge of the various transactions in and conveyances of the leasehold estate in the several portions of the lot by Jones and those claiming under him.

The appellee, Catherine Heldman, became the owner of the reversion in fee in the entire lot with the original rent of $230.83 in 1883, after the Metropolitan Savings Bank had acquired title to the sub-leasehold estate in part B of the lot. The appellee having thus become the owner of the original rent sent to the demised premises to collect it and her collector was there told to go to the savings bank for it which he did and that institution regularly thereafter paid the whole rent until about the year 1899, when it seems to have assigned its interest in the lot to another person.   So long as the bank paid the

rent the appellee had no occasion to make and did not make any demand for it upon the owners or occupants of the other portions of the demised lot.

After the bank ceased paying the rent one or two instalments of it were paid by Carroll the owner of the sub-leasehold in part A of the lot to protect his tenants, of whom the rent had been demanded on the demised premises, from distraint. Carroll having refused to pay any further rent the appellee distrained upon the chattels found in the building on his part of the lot for the instalment of rent due January 1st, 1900, and from that distraint the present proceedings originated. The appellant replevied the distrained chattels and the appellee, who was made defendant to the replevin suit, avowed that they had been distrained for rent in arrear. To the avowry the appellant filed several pleas, to one of which the appellee demurred and her demurrer was sustained. Issue was joined upon the other pleas and upon a trial of the case before the Court without a jury the verdict and judgment were in favor of the appellee for a return to her of the property distrained upon and costs. The bailiff who made the distraint was made a co-defendant to the replevin but he did not appear in the case and no further notice was taken of him.

The second and third pleas raised the important issue in the case, which was whether part A, upon which the chattels were located when taken in distress, had been released from liability for the original rent. It is admitted that no formal release of the rent had ever been made but it was contended by the appellant that the conduct of the appellee in collecting the entire rent for so many years from the owner of part B showed an acquiescence by her in the payment of the whole rent by the owner of that parcel and estopped her from claiming any rent from the other portions of the demised lot. This contention is not a new one. It has frequently been made in this Court by the owner of a portion of a leasehold lot in litigation with the landlord of the entire lot, but it has in such cases been uniformly rejected.

In *Ehrman* v. *Mayer*, 57 Md. 612, no part of the original

rent reserved on the entire lot had been demanded or collected within the memory of any one living from the portion of the lot then in controversy whose owners thought that it was theirs in fee, but the Court held that, it having been conceded that the relation of landlord and tenant once existed under a lease like the one in controversy in the present case, no presumption of a release of the rent arose from the absence of a demand therefor upon the owners of that portion of the lot. In *Myers* v. *Silljacks*, 58 Md. 327, upon a state of facts quite similar to those of the title now before us, the Court held that it was not competent for the lessee or his assignees to charge the entire rent upon one part of the demised lot to the complete release or exoneration of the other part without the assent of the owner of the reversion. The Court say in the opinion in that case; "The fact that it does not appear that rent has been paid on lot No. 125 for a great many years affords no sufficient ground for the presumption that a change had been made in the tenure or that the right to receive the rent had been released or extinguished or that it had been charged upon No. 124 in exoneration of lot No. 125 as contended on the part of the appellants. A release or extinguishment of the right to demand or receive rent on a lease such as that before us could only be by deed; and the principle is well settled that when the relation of landlord and tenant is once established under a sealed lease such as we have here the mere fact that the landlord has failed to demand the rent will not justify the presumption that he has released or extinguished his right to it under the lease." See to same effect *Wahl* v. *Barroll*, 8 Gill, 288; *Campbell* v. *Shipley*, 41 Md. 81; *Worthington* v. *Lee*, 61 Md. 530.

The cases of *Barnitz* v. *Reddington*, 80 Md. 622, and *Connaughton* v. *Bernard*, 84 Md. 577, which were relied on by the appellant did not present the same issue as the one now before us. There was in those cases no claim that the landlord had entirely released a portion of a demised lot from all liability for any part of the rent reserved on the whole lot by collecting that rent for a series of years from the owner of a

building erected on another part of the lot.  It was simply
held in those cases that, where the landlord had in one in-
stance for more than fifty and in the other more than twenty
years collected only a fixed portion of the entire rent from
each one of the several parts into which the lessee had sub-
divided a demised lot, that course of conduct on his part
coupled with other circumstances furnished reasonable
grounds of presumption that he had assented to the appor-
tionment of the entire rent between the several parts of the
lot in the proportion in which he had thus so long collected
it from them.

We are clearly of the opinion that nothing appearing in the
present record operated to release any part of the entire lot
from liability to the appellee for the rent reserved in the orig-
inal lease thereof from Shipley to Rosenswig and that she was
entitled to make distress on any part of the lot for the rent
whenever it was in arrear ; and as our attention has not been
called to nor have we discovered any material defect in the
distraint proceedings they must be held to have been suffi-
cient to sustain the appellee's title to possession of the chat-
tels taken in distress, and to have formed a good defense to
the replevin suit, and the judgment must be affirmed unless
cause for reversal is found in the other matters appearing in
the record.

The appellant contends that the appellee not having set up
the ninety-nine years lease from Shipley to Rosenswig in her
avowry was not entitled to rely upon it when it had been intro-
duced in evidence but was confined to the lease for one year
which was in fact set up in the avowry.  We will now consider
the strength of this contention and the extent to which the
record brings it before us for review.

The right to distrain is an extraordinary power and the au-
thority on which it was made was at common law required to
be specifically shown in the avowry which attempted to justify
it.  The Act of 11 Geo. II, chap. 19, sec. 22, modified the law
by authorizing the defendant in replevin to avow generally
that the plaintiff or other tenant of the land on which the dis-

tress was made held it under a lease at a certain specified rent:
during the time when the rent distrained for accrued, and that
the distress had been taken upon the demised premises
or on some part thereof, without further specification of
title or demise.    The defendant having thus avowed generally
could offer in evidence, in support of his avowry, any lease·
which made him landlord of the premises in question for the·
time and at the rate of rent in the avowry set forth.   If how-
ever a defendant instead of avowing generally states the lease·
specially in the avowry then, as that pleading performs the·
office and function of a declaration and is to be so treated, the·
rules of pleading as well as the authorities require that the·
proof must correspond with the allegations of the pleadings·
as to all material facts and the evidence must establish the de--
mise as laid in the avowry, and evidence of any other lease·
will be excluded.    *Wells on Replevin*, sec. 727 to 735; *Cob-
bey on Replevin*, sec. 735; *Phipps* v. *Boyd*, 54 Pa. St. 344;.
*Taylor* v. *Moore*, 3 Harr. (Del.) 6; *Tice* v. *Norton*, 4 Wend..
667; *Poe's Pleading and Practice*, vol. 1, secs. 254, 255, 582,.
vol. 2, sec. 450; *Middlekauff* v. *Smith*, 1 Md. 339; *Chitty on
Pleading*, 16 ed., vol. 2, p. 686, for form of avowry in general
terms.

In the case at bar the appellee did not content herself as·
she might have done with asserting generally in her avowry·
that the chattels replevied had been taken in distress upon
part of premises which the plaintiff or some other person held.
as her tenant under a lease at a specified rent, but after alleg-
ing her title and seizin she undertook to specify the lease. She·
averred that it was made to the plaintiff on the 1st of January,.
1899, for one year to be fully complete and ended on Decem-
ber 31st, 1899, at the rent of $230.83 and so from year to·
year so long as it should please both parties to it, instead of·
setting up the ninety-nine years' sealed lease under which the·
evidence in the case showed that the distraint had in fact been
made.    These allegations of the avowry were put in issue by·
the pleas which averred, among other defenses, that the avow-
ant did not demise the premises to the plaintiff as alleged and·

that the plaintiff did not hold the premises as tenant under a demise from the avowant.

When in that state of the pleadings the appellee as avowant offered in evidence the certified copies of the ninety-nine years" lease creating the ground rent and the deed conveying the rent to her, it would have been the duty of the Court to exclude the copies if objection had been made to their introduction. As no such objection was made, they must now be considered as properly in evidence and given the same effect as if they had in fact been legally admissible.

The plaintiff's first prayer which asked the Court to rule as matter of law that there was no evidence in the case legally sufficient to entitle the avowant to recover operated as a demurrer to the whole evidence, (*Co. Commrs.* v. *Wise*, 75 Md. 43; *State* v. *Kent Co. Commrs.*, 83 Md. 383), and we were at first inclined to the view that, inasmuch as the production of the ninety-nine years' lease made in 1851, which was the only lease in evidence did not tend to prove the parol lease for one year set up in the avowry, the prayer should have been granted. We therefore, so held in our opinion as at first filed and directed the case to be sent back for a new trial in order to enable the appellee to amend her avowry so as to make it conform to the facts of the case as proven.

Upon further consideration we have come to the conclusion that as no reference to the pleadings was made in the prayer, we are not at liberty to consider them in this appeal and that the only question which it presents for our consideration is, whether the evidence in the case presented a good cause of action on which appellee, who as avowant was practically the plaintiff in the case, could recover the distrained chattels; and that we are not called on by the prayer in the form in which it appears to determine whether the evidence sustains the allegations of the avowry. *Leopard* v. *C. & O. Canal Co.*, 1 Gill, 222; *Stockton* v. *Frey*, 4 Gill, 422; *B. C. P. R. R. Co.* v. *Wilkinson*, 30 Md. 229; *Straus* v. *Young*, 36 Md. 255; *Mallonee* v. *Duff*, 72 Md. 287. In this view of the case we think the plaintiff's first prayer was properly rejected, as the evidence

did show a lease under which it would have been competent to have made the distraint under which the chattels in controversy had been taken ; and the prayer offered by the appellee as avowant was for the same reason properly granted.

The other prayers of the plaintiff which the Court refused to grant were based upon the erroneous proposition that the course pursued by the appellant in collecting her rent operated to discharge part A of the demised lot from all liability for the rent and they were properly rejected.

The demurrer to the plaintiffs seventh plea to the avowry was properly sustained. That plea was intended to interpose the defense of limitations to the distraint which was up in the avowry. It averred that the "avowant's cause of action did not accrue within three years before the bringing of this suit." The plea was defective because the validity of the distraint, so far as the Statute of Limitations is concerned depended upon whether the rent distrained for became due within three years before the levy of the distress. The levy might have been made more than three years before the institution of the replevin suit and still have been perfectly valid. The plea should have averred that the rent for which the avowant distrained fell due more than three years before the distraint was made.

It follows from what we have said that the judgment appealed from must be affirmed.

*Judgment affirmed.*

(Decided April 10th, 1901.)