———O———

## No. 3622.

(Court of Appeal, Parish of Orleans.)

## SUCCESSION OF EARL HOWARD.

Appeal from Civil District Court, Division "D."

F. R. Richardson and A. J. Cahill, for E. A. Bernard, Appellant.

1. The sale of the right of occupancy of the leased premises, even though it be purchased by the lessor himself, does not deprive him of his privilege on the movables found in the leased premises.

2. The lessee who disposes by sale of the right of occupancy and appropriates the price thereof remains responsible for and owes the rent.

3. The purchaser of the right of occupancy assumes the risk of his right being defeated by failure of the principal lessee to pay his rent, but he would by no means become personally bound for the rent.

ESTOPINAL, J. Earl Howard died in this city, his succession was duly opened, and Leigh Howard appointed administrator of the succession.

The deceased was a tobacco merchant, with a cigar stand at the corner of Camp and Poydras streets, on premises leased from the opponent herein at the rate of $55.00 a month, as evidenced by a written lease.

The administrator filed his provisional account placing opponent

163

thereon as a privileged creditor in the sum of $275.00, as landlord, and to this account, opponent filed an opposition claiming $330.00 due him as landlord and claiming further that by virtue of his appointment by the notary, who made the inventory, he was entitled to $120.00 as keeper.

Judgment was rendered below, dismissing these oppositions and reducing the claim of opponent to $20.75, with 10 per cent. attorney's fees thereon, from which judgment this appeal is prosecuted devolutively.

Considering first, the question of opponent's claim as landlord we find that the judgment of the lower court was predicated on the rent due by the estate of the deceased up to or about the time of his death, say April and the months succeeding up to and including the first fifteen days of the month of July, totaling $211.75.

The evidence shows the rental to have been due and unpaid for that period, and the judgment so far is correct. On the 14th of July, in pursuance of an order of Court and under the following advertisement, stripped of the usual preamble, to-wit:

"The contents of said 'Cigar store as per inventory on file.

"Also *right* of occupancy to September 30th, 1903, the property of the deceased was sold at public auction, including the right of occupancy of leased premises from the time of adjudication till the expiration of the lease, the same being adjudicated to opponents son for $90.00.

The claim of opponent appears to be contested on either or both of two grounds, to-wit: first, that the rent cannot be charged to the succession, but should be charged to the purchaser of the right of occupancy and, second, that even though the contents and right of occupancy of the premises were adjudicated to and paid for by opponent's son, that the purchase was made by and for the benefit of opponent who is now conducting the same character of business that the deceased did.

We cannot subscribe to the first proposition for the reason that the advertisement under which the sale was made plainly and unequivocally stated that the right sold was that of occupancy alone and was not a transfer of the lease subrogating all of the lessee's rights. The purchaser of the right under this advertisement did so at his risk, since his right to the enjoyment of the premises must fall, should the lessee make default in the payment of the rent when due.

The lessee here parted with the right of occupancy for a lump sum and being the beneficiary to the exclusion of the landlord, he certainly owes the rental. In the case of Joseph A. Walker, et al., vs. Mary A. Dohau, 48 A. 946, the court said:

"The sale of the unexpired term of a lease involves the sale of the obligations as well as the rights. But nothing prevents the severance of the right of occupancy from the obligation to pay the rent, and the sale of the former alone. The purchaser in such case, would of course, assume the risk of his right being defeated by failure of the principal to pay his rent. The sale in this case being of the right of occupancy alone and not of the lease, the defendant cannot be held for the rent."

The purchaser here is not the landlord, and the evidence on this point satisfies us that the transaction by which his son bought was in perfect good faith, and we cannot hold that the purchase of the right of occupancy with no conditions imposed as to liability under the lease, carries with it any obligation on the part of the purchaser, except to pay his bid, and, therefore, the principal lessee must be looked to for the rental.

With due regard to the appreciation which our learned brother entertained on the matters at issue herein, we think that error was made to the prejudice of opponent, and that his claim for rent should have been recognized, not only to the extent that it was in the judgment below, but also that part of the rent from the time of the adjudication until the expiration of the lease, September 30th.

As to opponent's claim for $120.00 for keeper's fees, we believe the lower court properly refused same for the reason that opponent's appointment was not regular and, further, that he was practically looking out for his own interest, he having a landlord's privilege on the property, which, the evidence shows, he was able to care for without trouble or expense to himself.

It is therefore ordered adjudged and decreed that the judgment appealed from be amended by increasing the amount thereof in favor of opponent from $211.75 to $330.00 with 10 per cent. attorney's fees, and as amended the same is hereby affirmed, costs of this opposition to be borne by the succession in both courts.